**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER ARANDA VAZQUEZ,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>Respondent. | No. 16-73523<br><br>Agency No. A095-749-735<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018[**]

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Javier Aranda Vazquez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's good moral character determination, where Aranda Vazquez provided false testimony for the purpose of obtaining an immigration benefit, and did not voluntarily and timely recant the false testimony. *See* 8 U.S.C. §§ 1101(f)(6) (anyone who has given false testimony for the purpose of obtaining immigration benefits cannot show good moral character), 1229b(b)(1)(B) (requiring good moral character for cancellation of removal); *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001) ("Whether [petitioner] eventually received benefits because of the false testimony is irrelevant; the statute only refers to statements made 'for the purpose of obtaining' any immigration benefits, not that it resulted in such benefits." (internal citation omitted)); *Valadez-Munoz v. Holder*, 623 F.3d 1304, 1310 (9th Cir. 2010) (recantation is neither voluntary nor timely if not made until disclosure of the falsity of the statements appears imminent).

**PETITION FOR REVIEW DENIED.**